T.C. Memo. 1996-483

UNITED STATES TAX COURT

WILLIE THOMAS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10518-94.                    Filed October 28, 1996.

William J. Day, for petitioner.

Katherine Lee Wambsgans, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated April 6, 1994, respondent
determined deficiencies in and additions to petitioner's Federal
income taxes as follows:

|  |  | Additions to Tax | | | | |
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6661(a) |
|------|-----------|-----------------|-----------------|--------------------|--------------------|-------------|
| 1984 | $78,807.11 | $39,403.56 | [1] | -- | -- | $19,701.78 |
| 1985 | 41,092.63 | 20,546.32 | [2] | -- | -- | 10,273.16 |
| 1986 | 36,949.80 | -- | -- | $27,712.35 | [3] | 9,237.45 |
| 1987 | 16,621.39 | -- | -- | 12,466.04 | [4] | 4,155.35 |

[1] 50 percent of the statutory interest on $78,807.11, computed from Apr. 15, 1985, to the earlier of the date of assessment or the date of payment.

[2] 50 percent of the statutory interest on $41,092.63, computed from Apr. 15, 1986, to the earlier of the date of assessment or the date of payment.

[3] 50 percent of the statutory interest on $36,949.80, computed from Apr. 15, 1987, to the earlier of the date of assessment or the date of payment.

[4] 50 percent of the statutory interest on $16,621.39, computed from Apr. 15, 1988, to the earlier of the date of assessment or the date of payment.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are as follows:

1. Whether petitioner failed to report income in 1984, 1985, 1986, and 1987. We hold that he failed to report income.

2. Whether petitioner, pursuant to section 1401, is liable for self-employment tax. We hold that he is liable.

3. Whether petitioner, pursuant to section 6653(b), is liable for additions to tax for fraud. We hold that he is liable to the extent stated herein.

4. Whether petitioner, pursuant to section 6661(a), is liable for additions to tax for substantial understatements of tax. We hold that he is liable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in Cleveland, Ohio, at the time he filed his petition. He is the father of five children. His fifth child was born in 1987.

## I. Petitioner's Assets and Financial Activities

Petitioner owns and manages real estate. Between 1978 and 1983, he purchased four properties for a total of $111,000. He operates three of these properties as rental properties and uses the fourth as his personal residence. In 1981, he transferred the title to his personal residence to his 10-year-old daughter. He continued, however, to pay the mortgage, real estate taxes, and insurance on the property.

Petitioner maintained 16 bank accounts with aggregate year-end balances of $12,252.81, $42,642.70, $153,060.80, and $84,595.46 in 1984, 1985, 1986, and 1987, respectively. In addition, petitioner held a money market account in trust for his children and owned two certificates of deposit. On January 1, 1984, the money market account had a balance of $132,538.33. Petitioner deposited in the money market account an additional $82,392.38 in 1984 and $45,100 in 1985. On March 1, 1986, petitioner withdrew $281,294.86 from the money market account,

opened an account for each of his four children, and transferred approximately $70,320 to each of these accounts.

In 1986, petitioner cashed a $50,000 certificate of deposit and deposited the proceeds, together with additional funds, into one of his bank accounts. On May 14, 1987, petitioner withdrew $104,089.55 from this account and transferred approximately $26,020 to each of his children's accounts.

## II. Petitioner's Convictions

In early 1986, petitioner was arrested and charged with gambling as a result of his participation in an illegal numbers operation. On April 2, 1986, petitioner pled no contest. He was found guilty, assessed a fine, and ordered to pay court costs.

On March 30, 1993, petitioner, pursuant to section 7201, was charged with income tax evasion with respect to his 1986 and 1987 tax returns. On July 12, 1993, in the U.S. District Court for the Northern District of Ohio, petitioner pled guilty to the charges.

## III. Respondent's Determinations

Petitioner filed his 1984, 1985, and 1986 Federal income tax returns in a timely manner but filed his 1987 tax return 4 months late. He reported gross income of $25,250.25, $24,615.67,

$31,200.75, and $37,833.89 in 1984, 1985, 1986, and 1987, respectively.

On April 6, 1994, respondent issued a notice of deficiency to petitioner.  Respondent used the net worth method of income reconstruction to determine petitioner's taxable income for the years in issue.  For each of these years, respondent determined that petitioner's net worth, increase in net worth, total net worth, and personal living expenses were as follows:

|  | 01/01/84 | 12/31/84 | 12/31/85 | 12/31/86 | 12/31/87 |
|---|---|---|---|---|---|
| Total assets | $330,568 | $502,423 | $570,027 | $350,432 | $281,967 |
| Total liabilities | (53,920) | (70,173) | (64,598) | (51,563) | (45,024) |
| NET WORTH | 276,648 | 432,250 | 505,429 | 298,869 | 236,943 |
| Net worth at beginning of year | -- | (276,648) | (432,250) | (505,429) | (298,869) |
| Increase in net worth | -- | 155,602 | 73,179 | (206,560) | (61,926) |
| Personal living expenses | -- | 44,111 | 46,812 | [1]319,358 | 136,977 |
| ECONOMIC INCREASE | -- | 199,713 | 119,991 | 112,798 | 75,051 |

[1] Petitioner's personal living expenses included gifts to his children of $281,294.86 in 1986 and $104,089.55 in 1987.

Based on these computations, respondent calculated that petitioner had gross income of $199,713.04, $119,990.50, $112,798.82, and $75,050.67 for 1984, 1985, 1986, and 1987, respectively.  Based on these amounts, respondent determined that petitioner was liable for deficiencies of $78,807.11, $41,092.63, $36,949.80, and $16,621.39 for 1984, 1985, 1986, and 1987, respectively.  The deficiencies included self-employment tax of

$4,271.40, $4,672.80, $5,166 and $4,577.66 for 1984, 1985, 1986, and 1987, respectively.

OPINION

I.  Unreported Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  Every taxpayer is required to maintain adequate records of taxable income.  Sec. 6001.  When a taxpayer does not maintain adequate records, the Commissioner may reconstruct income in accordance with a method that clearly reflects the full amount of income received.  Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965).

Because petitioner maintained inadequate records of his income-producing activities, respondent used the net worth method of income reconstruction to determine petitioner's taxable income.  Under this method, income is computed by determining a taxpayer's net worth at the beginning and end of a taxable year. The difference between the amounts is the increase in net worth. An increase in a taxpayer's net worth, plus his nondeductible expenditures, less nontaxable receipts, may be considered taxable income.  Holland v. United States, 348 U.S. 121, 125 (1954); United States v. Giacalone, 574 F.2d 328, 330-331 (6th Cir. 1978).

When the Commissioner uses the net worth method to determine whether a taxpayer has underreported income, she must (1) establish with reasonable certainty the taxpayer's beginning net worth, and (2) either establish a likely source of unreported taxable income or conduct a reasonable investigation of leads negating possible sources of nontaxable receipts.  United States v. Massei, 355 U.S. 595 (1958); Holland v. United States, supra at 132-138; Conti v. Commissioner, 39 F.3d 658, 663 (6th Cir. 1994), affg. in part and remanding in part 99 T.C. 370 (1992); Smith v. Commissioner, 91 T.C. 1049, 1059 (1988), affd. 926 F.2d 1470 (6th Cir. 1991).

A.  Beginning Net Worth

The taxpayer's net worth at the beginning of the taxable year is a key element in a net worth case.  Fuller v. Commissioner, 313 F.2d 73, 77 (6th Cir. 1963), affg. in part and modifying in part T.C. Memo. 1961-262.  The validity of the Commissioner's net worth calculations depends on the accuracy of the beginning net worth  figure.  Estate of Phillips v. Commissioner, 246 F.2d 209, 213 (5th Cir. 1957), revg. T.C. Memo. 1955-139.

For petitioner's 1984 taxable year, respondent determined that petitioner's beginning net worth was $276,648.70, which included $25,000 of cash on hand.  Petitioner contends that the

beginning net worth figure is incorrect, because it does not include $210,000 he accumulated over many years. Petitioner contends that beginning at age 6 he simultaneously worked five or six jobs (e.g., selling peas and greens, herding cattle, and delivering firewood). He further contends that over the course of 15 years he accumulated $210,000 performing these tasks and stored these earnings in a bucket and later in a suitcase. Petitioner testified, however, that prior to 1984 the $210,000 was deposited in bank accounts and used to purchase real estate. These assets are accounted for in respondent's beginning net worth figure. As a result, petitioner has effectively conceded that respondent's beginning net worth figure is correct. Accordingly, we conclude that respondent has established with reasonable certainty petitioner's beginning net worth.

B.    Source of Taxable Income and Reasonable Investigation

We must also determine whether respondent has established a likely source of taxable income or has conducted a reasonable investigation of leads negating possible sources of nontaxable receipts. Holland v. United States, supra at 135-137; United States v. Massei, supra. In 1986, petitioner was convicted of gambling as a result of his participation in an illegal numbers operation. Respondent contends that petitioner's gambling constitutes a likely source of unreported income. Respondent,

however, has failed to present any evidence to show that the gambling conviction relates to petitioner's conduct during the years in issue. Although petitioner was convicted in 1986, this fact alone does not establish that petitioner participated in an illegal numbers operation during the relevant years. Therefore, we conclude that respondent has not established a likely source of income for the years in issue.

Respondent has established, however, that she conducted a reasonable investigation of leads negating possible sources of nontaxable receipts. United States v. Massei, supra. Respondent also has established that petitioner's alleged source of nontaxable receipts is implausible and not supported by the record. Parks v. Commissioner, 94 T.C. 654, 661 (1990). Petitioner contends that he had accumulated $210,000 and stored it in a bucket and later in a suitcase. Petitioner, however, presented no credible evidence to support this contention. Moreover, even if petitioner had saved $210,000, petitioner testified that he invested it before the years in issue and, as a result, the cash was already accounted for in respondent's beginning net worth figure. Petitioner offered respondent no other leads of nontaxable receipts. A taxpayer cannot complain about the sufficiency of an investigation where he has offered no credible leads. United States v. Penosi, 452 F.2d 217, 220 (5th

Cir. 1971); <u>Blackwell v. United States</u>, 244 F.2d 423, 429 (8th Cir. 1957).

Accordingly, we sustain respondent's determined deficiencies for 1984, 1985, 1986, and 1987.

## II. <u>Self-Employment Tax</u>

Respondent determined that petitioner, pursuant to section 1401, is liable for self-employment tax of $4,271.40, $4,672.80, $5,166.00 and $4,577.66 for 1984, 1985, 1986, and 1987, respectively.

Section 1401 imposes a tax on self-employment income. Self-employment income consists of gross income from any trade or business carried on by an individual less allowable deductions attributable to the trade or business. Sec. 1402(a). Respondent's determination that petitioner is liable for self-employment tax is presumed to be correct, and petitioner bears the burden of proving that it is erroneous. Rule 142(a); <u>Kasey v. Commissioner</u>, 33 T.C. 656, 660 (1960).

Petitioner introduced no evidence relating to the self-employment tax issue. Therefore, petitioner has failed to carry his burden of proof and is liable for self-employment tax.

## III. <u>Additions to Tax for Fraud</u>

Respondent determined that petitioner, pursuant to section 6653(b), is liable for additions to tax for fraud with respect to

1984, 1985, 1986, and 1987. Respondent determined that the entire deficiencies, including the portions attributable to self-employment tax, were subject to the additions to tax. Section 6653(b)(1), applicable to petitioner's 1984 and 1985 returns, provides for an addition to tax equal to 50 percent of an underpayment of tax where any part of the underpayment is due to fraud. Section 6653(b)(1)(A), applicable to petitioner's 1986 and 1987 returns, provides for an addition to tax equal to 75 percent of the portion of the underpayment attributable to fraud.

Section 6653(b)(2), applicable to petitioner's 1984 and 1985 returns, provides for an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to fraud. Section 6653(b)(1)(B), applicable to petitioner's 1986 and 1987 returns, provides for an addition to tax equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to fraud. Section 6653(b)(2), applicable to petitioner's 1986 and 1987 returns, provides that where the Commissioner establishes that any portion of an underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud except to the extent the taxpayer proves otherwise.

Fraud is defined as an intentional wrongdoing designed to evade tax. Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Miller v. Commissioner, 94 T.C. 316, 332 (1990). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To carry her burden of proof, respondent must show for each year in issue that an underpayment of tax exists and that some portion of the underpayment is due to fraud. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).

Petitioner, pursuant to section 7201, was convicted of income tax evasion with respect to his 1986 and 1987 tax returns. As a result, petitioner is collaterally estopped from denying liability for civil fraud with respect to 1986 and 1987, because the elements of criminal tax evasion and civil fraud are identical. Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1. As a result, we hold that petitioner, pursuant to section 6653(b)(1)(A) and (B), is liable for additions to tax for fraud for 1986 and 1987. We next

determine whether petitioner is liable for the additions to tax for fraud with respect to 1984 and 1985.

### A. Underpayment

The record provides sufficient evidence that for 1984 and 1985 petitioner omitted significant amounts of income and underpaid his taxes. As stated earlier, petitioner is liable for self-employment tax because he failed to meet his burden of proof. Rule 142(a). While respondent determined that petitioner underpaid his taxes by $78,807.11 for 1984 and $41,092.63 for 1985, she failed to produce clear and convincing evidence that petitioner's income was derived from self-employment. As a result, these underpayments must be reduced accordingly.

### B. Fraudulent Intent

To prove fraud, respondent must establish that petitioner intended to evade taxes. This intent may be established by conduct designed to conceal, mislead, or otherwise prevent the collection of taxes. Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), affg. T.C. Memo. 1985-63; Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Fraudulent intent is not to be imputed or presumed but rather must be established by some independent evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). Because direct proof of the taxpayer's intent is rarely available, fraudulent intent may be established by circumstantial evidence and reasonable inferences drawn from the facts. Spies

v. United States, 317 U.S. 492, 498 (1943); Stephenson v. Commissioner, 79 T.C. 995, 1005 (1982), affd. 748 F.2d 331 (6th Cir. 1984). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). The mere existence of deficiencies in tax liability does not show fraud. Otsuki v. Commissioner, supra at 106. Exceedingly large discrepancies between a taxpayer's actual income and reported income, however, do constitute evidence of fraud when such discrepancies are unexplained. Stone v. Commissioner, supra at 224.

Petitioner reported gross income of $25,250.85 for 1984 and $24,615.67 for 1985. Respondent determined that petitioner actually had gross income of $199,713.04 for 1984 and $119,990.50 for 1985. The only explanation furnished by petitioner for these large discrepancies was that he had accumulated $210,000. Petitioner, however, failed to present any credible evidence establishing the existence of the accumulated cash. Moreover, even if the $210,000 existed, petitioner testified that he invested all of it before the years in issue. Therefore, petitioner's explanation for the discrepancies is unpersuasive. We conclude that the record provides sufficient evidence of petitioner's fraudulent intent to evade taxes for 1984 and 1985.

Accordingly, for 1984 and 1985, we hold that petitioner, pursuant to section 6653(b)(1) and (2), is liable for additions to tax for fraud. We conclude, however, that the portion of the

deficiency relating to self-employment tax is not attributable to fraud and that the additions to tax for fraud, pursuant to section 6653(b)(2), must be reduced accordingly.

IV.  Additions to Tax for Substantial Understatements

Respondent determined that petitioner is liable, pursuant to section 6661(a), for additions to tax for substantial understatements of income tax.  The addition to tax is equal to 25 percent of the amount of each underpayment of tax attributable to a substantial understatement.  Petitioner bears the burden of proving that respondent's determination is erroneous.  Rule 142(a); Cluck v. Commissioner, 105 T.C. 324, 340 (1995).

Petitioner did not dispute his liability for the additions to tax provided by section 6661(a).  Therefore, petitioner has failed to carry his burden of proof and is liable for the additions to tax.

We have considered the other arguments raised by the parties and find that they are without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.